UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **GEORGE H. MASSEY** | **06-11338** |
| **SHARRON BEACH MASSEY** | SECTION A |
| DEBTORS | CHAPTER 7 |

## REASONS FOR DECISION

This matter came before the Court on R. Patrick Sharp III, Trustee's ("Trustee"), Motion for Sale of Property and to Employ Auctioneer ("Motion"). Specifically, Trustee seeks to sell by auction, debtors' movable furnishings not scheduled as exempt.

The Motion was heard on April 22, 2009. Objections to the Motion were made by the debtors, Mr. and Mrs. George Massey ("Debtors" or "Masseys"). At the original hearing on the Motion, Trustee and Debtors stipulated that most of the property in question was subject to sale. However, Debtors claimed some items were exempt from sale, despite not having been claimed as exempt on their schedules.

The Court concluded, under separate order, that the terms of the offer to sell were reasonable, in the best interest of the estate, and therefore approved the terms of sale. The issues regarding Debtors' Objections to the sale of some items were continued to April 23, 2009 in order to allow the parties time to attempt an amicable resolution of their differences.

The continued hearing on this matter was conducted on April 23, 2009. At the beginning of the hearing the parties stipulated that a list of disputed items[1] plus 2 paintings[2] were nonexempt and therefore subject to the Trustee's request for auction and this Court's authorization of that

---

[1] Trustee 1.

[2] A large portrait of a French duchess and a tavern scene by George Weiss.

request.

The items still in dispute consist of two groups of property. Both groups are comprised of furnishings allegedly utilized by either Mr. or Mrs. Massey in connection with their employment.

Section 522 of the Bankruptcy Code allows debtors to claim exemptions over designated property of the estate. The property subject to exemption is determined under one of two schemes. Section 522(d) provides the exemptions available under federal law, while section 522(b)(2) allows a state to "opt out" of this scheme in preference for its own exemption statutes. Louisiana has elected to "opt out," and therefore, only exemptions allowed under state law are available.

Under Louisiana R.S. 13:3881, tools of the trade are exempt from the claim of creditors. The Masseys assert that the furnishings located in their respective personal home offices are necessary for the production of income.

The Masseys filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 29, 2006. At the time of their filing, Schedule I indicated that both were employed by Med Link America, Inc., a mail order pharmaceutical company wholly owned by Mr. Massey. Schedule E did not list any furnishings as exempt tools of the trade.

Prior to the hearing, depositions were taken of both Debtors. Mrs. Massey represented in her deposition that her occupation was as a writer. When questioned about the extent of her efforts, she testified that she was working on a novel but had only written a four page outline and two pages of the first chapter. She admitted that she had no income from writing in the year preceding her filing nor had she received any income subsequent. She had no published work during this period, but in support of her participation in the writing profession, she produced a 15 year old letter

acknowledging interest in a potential novel she never wrote. These representations were not challenged by Mrs. Massey at the hearing.

Under these facts the Court found that Mrs. Massey had failed to show that she was gainfully employed in any trade or profession and that the items in question were necessary to the conduct of a trade or profession.

As to Mr. Massey, during his deposition he admitted that he had no home office on the petition date because he worked from his business office. The deposition transcript was not refuted by Mr. Massey at the hearing. Instead, Mr. Massey alleged that subsequent to the filing of his voluntary petition, his business also failed, lost its location and eventually also filed for bankruptcy relief. As a result, he converted his case to one under chapter 7. He claims that as a result of these developments, it has become necessary for him to have a home office from which to work. As a result of this change in circumstance, Mr. Massey has utilized a portion of the assets in question for his work and now avers that the conditions existing on the conversion date, August 29, 2008, should control the availability of exemptions.

The jurisprudence is unambiguous on the point raised by this argument. A debtors' entitlement to exemption is based on the conditions existing on the date his petition for relief is filed. *In re Matter of Williamson*, 804 F.2d 1355 (5th Cir. 1986) and *In re Sandoval*, 103 F.3d 20 (5th Cir. 1997). In both *Williamson* and *Sandoval*, the debtors requested that property be recognized as exempt based on conditions existing on the date their cases were converted to chapter 7 from either chapter 11 or 13. In both instances, the Fifth Circuit held that regardless of the subsequent conversion, the propriety of the claimed exemption would be determined based on the conditions existing on the original date of filing.

When the Masseys' filed their original petition for relief, Mr. Massey admitted that he had no home office. His Schedules support that fact, as he did not claim an exemption for tools of the trade on the filing date. Mr. Massey's "need" for a home office arose, if at all, after the case was filed. Under controlling precedent, his change in circumstance does not entitle him to revise his claimed exemptions.

Accordingly, the Motion for Sale of Property and to Employ Auctioneer is granted, and Debtor's Objection to Trustee's proposed sale of certain property is denied. Trustee is directed to submit a proposed order in accordance with this ruling within two (2) business days.

New Orleans, Louisiana, April 23, 2009.

                                                      Hon. Elizabeth W. Magner
                                                      U.S. Bankruptcy Judge