UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 06-11338 |
| | * | |
| GEORGE H. MASSEY and | * | SECTION "A" |
| SHARRON BEACH MASSEY | * | |
| | * | |
| DEBTORS | * | CHAPTER 7 |

**************************************

### Reasons for Amended Order

On August 5, 20009, Trustee filed a Motion for Auction of Property Free and Clear of Liens and Other Interests ("Motion for Auction")(P-687) requesting authority to auction at public sale, certain moveable items owned by Debtors and constituting property of the estate. Sharron and George Massey ("Debtors") filed an Objection to the Motion for Auction (P-690).

Debtors' Objection claimed that some of the items Trustee requested authority to sell were not property of the estate or were exempt. A hearing on the matter was held on August 25, 2009. For the reasons orally assigned at the hearing, the Court considered and overruled the objections raised by Debtors and granted the relief requested by the Motion to Auction, except as to a piano, Item No. 118, the Gold bed, Item No. 114 and the low-back Italian chairs, Item No. 119. The Court withheld ruling on the exempt status of the piano until a further evidentiary hearing to be set by the Court.

On September 4, 2009, Debtors filed a Motion for Rehearing or Reconsideration ("Motion for New Trial") (P-713) and submitted additional evidence in support of a claimed exemption on the Regency Sideboard, item no. 117.

For the reasons set forth below, the Court **GRANTS** the Motion for New Trial and

**AMENDS** its prior Order to deny Trustee the right to auction the Regency Sideboard, item no 117.

At the hearing on the Motion for Auction, Debtors asserted that the sideboard was used to store items used for dining. He also argued that, at the time of their bankruptcy filing, the sideboard was located in the dining room. Trustee did not dispute that the sideboard was used to store dining room items but that it was located in the "Music Room," a room separate and apart from the dining room. In support of his position, Trustee produced a picture of the dining room that did not contain the sideboard.

The Motion to Reconsider contains a diagram of the dining room/music room area. As drawn, the dining room is separated from an area at its end with two columns. The Debtors also attached a photo showing the sideboard in this area. This information was mentioned in the hearing, but the photos were not available and were not introduced into evidence.

This Court finds that the sideboard is a movable article of the type that would normally be found in a dining room, that the Debtors used the sideboard to store dining related items on the Petition Date, and that the sideboard was located in an area that was used as a dining room. *In re: Mmahat*, 110 B.R. 236 (Bankr. E.D. La. 1990). As a result, the Court finds that the sideboard is an object normally contemplated as exempt under La. R.S. 13:3881(A)(4), and is therefore not subject to sale by Trustee.

This ruling is without prejudice to Trustee's Objection to Claims of Exemptions filed on August 21, 2009 and scheduled for hearing on September 22, 2009.

New Orleans, La., September 21, 2009.

_____
Judge Elizabeth Magner