UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                                        CASE NO.

**GEORGE H. MASSEY**                                                 **06-11338**
**SHARRON BEACH MASSEY**

DEBTOR                                                                                 SECTION A
                                                                                                         CHAPTER 7

## REASONS FOR DECISION

This matter came before the Court on the Motion to Reconsider, to Amend Judgment, and/or for New Trial ("Motion") filed by Gordon, Arata, McCollam, Duplantis & Eagan, LLC ("Mover").[1] By Order and Reasons dated February 22, 2011 (collectively "Opinion"),[2] this Court denied the Third and Final Application for Allowance of Fees and Costs[3] ("Third Application") filed by Mover. Mover now seeks reconsideration of the Opinion.

Because this Motion was filed within fourteen (14) days from entry of the Opinion, it is properly a Motion for New Trial or to Alter or Amend Judgment pursuant to Federal Rule 59, which is made applicable to this proceeding by Bankruptcy Rule 9023. Federal Rule 59(a)(1)(B) provides that the Court can grant a new trial "for any reason which a rehearing has heretofore been granted in a suit in equity in federal court."

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment alter its entry is an extraordinary remedy which should be used sparingly.[4]

---

[1] P-805.

[2] P-800, 799.

[3] P-787.

[4] 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, at 124.

Rule 59 gives a trial judge the power to prevent a "miscarriage of justice."[5] However, "courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done."[6] The burden of showing harmful error rests on the party seeking the new trial.[7]

> A motion for new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.[8]

Error of law, if prejudicial, is grounds for new trial.[9] Other grounds include: a verdict against the weight of the evidence, a verdict that is too large or small, newly discovered evidence not otherwise ascertainable with diligence at the time of hearing, conduct of counsel or court that taints the verdict, or verdicts based on false testimony.[10] Not every error is grounds for a new trial but only those that create a substantial effect on a litigant's rights.[11] A party's failure to raise an issue at trial is not grounds to grant a new trial.[12]

In this instance, Mover pleads error in several respects. First, mover asserts that the Court failed to consider the fees already waived by Mover in prior applications. While considering

---

[5] *Id.* at § 2803, at 45.

[6] *Id.* at § 2803, at 46.

[7] *Id.* at § 2803, at 47.

[8] *Id.* at § 2804, at 53.

[9] *Id.* at § 2805, at 55.

[10] *Id.*

[11] *Id.* at § 2805, at 60.

[12] *Id.* at § 2805, at 57-59.

Mover's Second Application for Allowance of Fees and Costs ("Second Application"),[13] the Court expressed concern whether, after payment of attorney's and trustee's fees, funds would remain to make distributions to unsecured creditors. Mover waived $50,000 in fees it incurred in connection with its representation of Debtors' Chapter 11 trustee, prior to conversion to Chapter 7,[14] and in exchange, the Court granted Mover $248,000 in fees. The Court made it clear on the record and in its Order that the Order was interim.[15] Mover avers that when considering the Third Application, the Court failed to consider the waived fees when comparing the total recovery with the total fees received.

Specifically, a portion of the fees previously waived by Mover were incurred in connection with its investigation of Med Link America, Inc. ("Med Link"). In its Opinion, the Court found that as to Mover's Third Application, "The fees requested for the "sustainability of Med Link" ... were both negligible and reasonable."[16] Mover avers that in connection with this finding, the Court failed to consider Mover's waiver of $26,976.25 in fees related to investigating Med Link. As a result, Mover asserts that it was manifest error for the Court to limit its recovery to only the latest, unwaived fees pertaining to this effort. Mover believes that a total of $30,978.35[17] in fees for the investigation of Med Link is reasonable. In reaching its decision, the Court considered all fees incurred by Mover, including the $50,000 incurred by Mover while Debtor was in Chapter 11, which

---

[13] P-762.

[14] P-771.

[15] *Id.*

[16] P-799, p. 14.

[17] This is the total of the amount waived related to Med Link and the amount requested in the Third Application.

3

Mover agreed to waive. The finding of the Court was based on the reasonableness of the entire body of Mover's work.

In connection with the Second Application, the Court expressed significant concern regarding the reasonableness of the fees requested. In response, Mover agreed to waive its request for some $50,000 in fees, which the Court accepted. The waiver of fees to reduce Mover's request made its Second Application reasonable in light of the *Johnson* factors. Reconsideration of those fees did not change the Court's initial conclusion. Further, it should be noted that were all of Mover's fee requests granted as it argues they should, recovery of those fees would still be limited because the total fees awarded would exceed the value of the estate.

Mover also argues that policy considerations dictate reconsideration of its Third Application. Specifically, Mover states, that the risk of recovery justifies the approval of its entire Third Application. This argument was advanced by Mover in its Third Application and was considered by the Court in its Opinion. The Court is aware of Mover's efforts and has examined its fees in light of the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*[18] For the reasons set forth in the Opinion, the Court found Mover's fees to be unreasonable and, therefore, reduced the amount requested.

Mover avers that the Court failed to consider that some of its work did not and could not carry a monetary return to the estate, and since those efforts benefitted the Court and bankruptcy

---

[18] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). The twelve (12) Johnson factors examined by this Court are: (1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

system generally, they should be compensated. Mover is mistaken in its allegations. The Court considered this fact and awarded full compensation for counsel's efforts with regard to the objection to debtors' discharge and "general case administration." However, the Court found that other areas of counsel's efforts were not properly handled and reduced the charges accordingly.

The Court allowed fees in the amount of $43,782.50 incurred in connection with the waiver of Debtors' discharge and $41,950.00 in connection with "general administration of the estate." The Court stated, "While these fees are unusually large, the Court finds both of these amounts reasonable in light of the circumstances of this case."[19] The Court went on to state, "These fees carry no particular benefit to creditors but they are valuable to the bankruptcy system."[20] The fees denied by the Court were an additional $118,994.00 in fees for what Mover described as "enforcement of debtor obligations and compliance." Because the Court already thoroughly considered the non-monetary value of Mover's efforts and believes that Mover has been sufficiently compensated for those efforts, the Court declines Mover's request for reconsideration.

Finally, Mover argues that no creditor objected to its fees, and therefore, its fees should be allowed. Again, this was considered by the Court in rendering its Opinion. The review of counsel's fees is a duty of the court with or without objection from other interested parties.[21] Further, it is the experience of this Court that very few objections to counsel's fees are ever lodged. There is a very substantial and real unwritten code of conduct among the bankruptcy bar that to object to a fee, even in part, is not only distasteful, but may well place the objector's fees at risk in the future in another

---

[19] P-799, p. 14.

[20] P-799, p. 16.

[21] *In re Temple Retirement Community, Inc.*, 97 B.R. 333, 336 (Bankr.W.D.Tex. 1989).

case or context. Thus, the unpleasant task of reviewing counsel's fees and determining reasonableness falls to the Court, and only the Court, in almost every case.[22] Thus, a lack of objection is not equivalent to support among creditor interests.

In short, nothing presented by the Motion raises any issues that would support its granting. Specifically, the Court finds that its Opinion does not contain manifest error of law or fact. Mover's Motion is merely a regurgitation of its prior arguments, facts, and policies already considered by the Court in the Opinion.

For these reasons, the Motion is DENIED. The Court will enter a separate Order in accord with these Reasons.

New Orleans, Louisiana, April 19, 2011.

                    Hon. Elizabeth W. Magner
                    U.S. Bankruptcy Judge

---

[22] In the 5 ½ years this judge has been on the bench, in only one case did counsel for a debtor object to the fees of a secured lender and that objection was withdrawn prior to hearing.